UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-108 (PAM/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) UNITED STATES' SUPPLEMENTAL RESPONSE TO DEFENDANTS' MOTIONS TO SEVER |
| 2. TOU THAO,<br>3. J. ALEXANDER KUENG, and<br>4. THOMAS KIERNAN LANE, | ) |
| Defendants. | ) |

COMES NOW the United States of America, by and through its undersigned attorneys, W. Anders Folk, Acting United States Attorney for the District of Minnesota, and Samantha Trepel, Special Litigation Counsel for the Civil Rights Division, and responds to the supplemental memoranda of law in support of the motions to sever filed by defendants Tou Thao, J. Alexander Kueng, and Thomas Kiernan Lane. *See* ECF Nos. 69, 78, 90, 121, 123, and 125.

## I. Statement of Facts

The defendants are charged with federal civil rights violations stemming from the death of George Floyd in police custody on May 25, 2020. Defendant Derek Chauvin is charged with deprivation of rights under color of law, in violation of 18 U.S.C. §§ 242 and 2, for willfully depriving George Floyd of the right to be free from defendant Chauvin's use of unreasonable force, resulting in bodily injury and death (Count 1). Defendants Tou Thao and J. Alexander Kueng are separately charged with violating § 242 for willfully

failing to intervene to stop defendant Chauvin's use of unreasonable force, resulting in Mr. Floyd's bodily injury and death (Count 2). All four defendants are also charged with violating § 242 by willfully failing to aid George Floyd, thereby acting with deliberate indifference to a substantial risk of harm to Mr. Floyd, and resulting in his bodily injury and death (Count 3).

Defendants Thao, Kueng, and Lane filed motions to sever defendant Chauvin from their trial. *See* ECF Nos. 69, 78, 90. Following the September 14, 2021 hearing on those motions, the Court ordered the parties to submit additional briefing. ECF No. 115.

## II.  Argument

The defendants are properly joined and have not met the high burden required to demonstrate that severance is appropriate. Courts routinely reject arguments of the type the defendants have proffered, noting that those arguments are insufficient to justify such a "drastic measure[]" as severance. *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Further, a severance would not be an effective remedy because proof of the charges against all defendants necessarily includes evidence of defendant Chauvin's conduct. A severance therefore would not serve the interests of justice; it would only prolong the proceedings and potentially retraumatize witnesses by forcing them to testify at successive trials. The court can instead address any potential risk of prejudice through appropriate limiting instructions.

Rule 8 of the Federal Rules of Criminal Procedure allows for joinder of defendants and counts in criminal cases. Rule 8(a) provides for joinder of offenses if the offenses "are of the same or similar character, or are based on the same act or transaction, or are

2

connected with or constitute parts of a common scheme or plan." Rule 8(b) provides for joinder of defendants when "they are alleged to have participated in the same act or transaction, or in the same series or acts or transactions . . . . All defendants need not be charged in each count."

When a defendant moves for severance, a district court must first determine whether joinder is proper under Federal Rule of Criminal Procedure 8. If joinder is proper, the court still has discretion to order a severance under Federal Rule of Criminal Procedure 14. These rules are to be "liberally construed in favor of joinder," *United States v. Darden*, 70 F.3d 1507, 1526 (8th Cir. 1995) (internal citations omitted) (quoting *United States v. Rimell*, 21 F.3d 281, 288 (8th Cir. 1994)), and "[t]he presumption against severing properly joined cases is strong." *United States v. Cooper*, 412 F.3d 871, 886 (8th Cir. 2005) (citing *United States v. Delpit*, 94 F.3d 1134, 1143 (8th Cir. 1996)).

The Supreme Court has repeatedly noted that "[t]here is a preference in the federal system for joint trials of defendants who are indicted together" because joint trials "promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Zafiro*, 506 U.S. at 537. "Persons charged in a conspiracy or jointly indicted on similar evidence from the same or related events should be tried together, even if each defendant did not participate in or was not charged with each offense." *United States v. Gravatt*, 280 F.3d 1189, 1191 (8th Cir. 2002) (citing *United States v. Jones*, 880 F.2d 55, 62-63 (8th Cir. 1989)). This is because "[i]t would impair both the efficiency and fairness of the criminal justice system to require . . . that prosecutors bring separate proceedings, presenting the same evidence again and again, requiring

3

victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying." *Richardson v. Marsh*, 481 U.S. 200, 210 (1987).

Here the defendants, former police officers, are alleged to have together participated in a series of acts and omissions under color of law during an event that took place during a timeframe of less than 30 minutes on May 25, 2020. Those acts and omissions culminated in the deprivation of Mr. Floyd's constitutional rights and his death. Moreover, all four of the defendants are charged with willfully acting with deliberate indifference to a substantial risk of harm to Floyd as a result of their acts together on May 25, 2020. ECF No. 1 at 3. The same substantive evidence will be used at trial against each defendant. The four defendants and three counts have thus been properly joined under Rule 8, and no defendant has asserted a contrary argument. Instead, defendants Thao, Kueng, and Lane all move for a severance under Rule 14.

To overcome the "strong presumption against severing properly joined counts," *United States v. McCarther*, 596 F.3d 438, 442 (8th Cir. 2010) (citing *United States v. Ruiz*, 412 F.3d 871, 886 (8th Cir. 2005)), a "defendant must show 'real prejudice,' that is, 'something more than the mere fact that he would have had a better chance for acquittal had he been tried separately.'" *United States v. Mickelson*, 378 F.3d 810, 817-18 (8th Cir. 2004) (quoting *United States v. Oakie*, 12 F.3d 1436, 1441 (8th Cir. 1993)). Moreover, that "prejudice must be 'severe or compelling.'" *United States v. Pherigo*, 327 F.3d 690, 693 (8th Cir. 2003). "[L]ess drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Zafiro*, 506 U.S. at 539.

4

None of the defendants' arguments establish prejudice, let alone the "severe" prejudice required to overcome the strong presumption against severing properly joined counts. Defendants Thao and Kueng first argue that the United States will seek to admit evidence of prior uses of unreasonable force by defendant Chauvin that do not inculpate the other defendants, and the admission of this evidence will prejudice them. ECF Nos. 123 at 2, 125 at 5. Defendant Kueng also argues the reverse: that exclusion of evidence of Chauvin's prior uses of force – which Kueng will seek to admit if the United States does not – will prejudice Kueng.[1] ECF No. 123 at 2.

No matter which party seeks to admit such evidence, this argument is unavailing because the Eighth Circuit has repeatedly stated that the admission of evidence pursuant to Federal Rule of Evidence 404(b) against a single defendant in a multi-defendant trial does not require severance. *See United States v. Ali*, 799 F.3d 1008, 1024 (8th Cir. 2015) (affirming the denial of the defendant's motion to sever in a material support of terrorism trial where the district court admitted evidence that the co-defendant spoke with a militia member aligned with the terrorist organization the defendants were charged with supporting); *United States v. Robinson*, 774 F.2d 261, 266-67 (8th Cir. 1985) (affirming the denial of the defendant's motion to sever where the district court admitted a co-defendant's prior conviction for mail fraud in a multi-defendant mail fraud trial); *see also United States v. Pippenger*, 552 F. Supp. 2d 990, 996-97 (D.S.D. 2008) ("'other crimes'

---

[1] The argument that the admission of currently unspecified evidence of unidentified incidents that no party has yet noticed its intent to offer will prejudice the defendants is, at best, highly speculative. Nonetheless, should the court rule this evidence admissible under Federal Rule of Evidence 404(b), it will not provide a ground for severance.

5

and bad acts evidence may be properly admitted and accompanied by instructions to the jury that the evidence should be considered only against the defendant to whom it pertains").

Defendant Kueng next argues that a joint trial will prejudice him because the jury will be unable to compartmentalize the evidence against defendant Chauvin, who Kueng asserts is the more culpable defendant. ECF No. 123 at 3. The Eighth Circuit has clearly established, however, that a "mere disparity in the weight of the evidence is not a valid basis for severance." *Ali*, 799 F.3d at 1023-24 (citing *United States v. Dierling*, 131 F.3d 722, 734 (8th Cir. 1997)); *Robinson*, 774 F.2d at 267; *see also United States v. Flores*, 362 F.3d 1030, 1042 (8th Cir. 2004) (no requirement in a joint trial "that the quantum of evidence of each defendant's culpability be equal"). Indeed, joint trials may instead benefit lesser-culpable defendants, as the jury has a greater ability to assess their relative culpability and differing roles. *See Richardson*, 481 U.S. at 210 ("Joint trials generally serve the interests of justice by avoiding inconsistent verdicts and enabling more accurate assessment of relative culpability—advantages which sometimes operate to the defendant's benefit.").

Finally, all three defendants argue that they will be unfairly prejudiced by defendant Chauvin's presence at the defense table given his prior conviction in state court of charges arising from the same underlying events at issue here and the high degree of publicity surrounding that conviction. ECF Nos. 121 at 1, 123 at 3-4, and 125 at 3-4. The trial of defendant Chauvin on murder and manslaughter charges for the death of Mr. Floyd was highly publicized. However, the knowledge potential federal jurors bring with them about

the state trial and defendant Chauvin's conviction will be the same whether Chauvin is seated next to his co-defendants or tried separately. The evidence presented will also be the same. Even if the court severed defendant Chauvin from his co-defendants, proof of Count 2 of the indictment, which alleges that defendants Thao and Kueng violated Mr. Floyd's constitutional rights by willfully failing to intervene to stop Chauvin's use of unreasonable force, would require the United States to prove that Chauvin used unreasonable force. Thus, the United States would offer the same evidence against Thao and Kueng to prove Count 2 as would be admitted against Chauvin to prove Count 1. In other words, even if Chauvin were not sitting at the defense table with his co-defendants, the same evidence would be admitted, and his role in violating Mr. Floyd's constitutional rights would remain at issue, further minimizing any effect severance would have in limiting the claimed prejudice to the remaining defendants.

Defendant Lane, while acknowledging that "even if the case is severed the jurors will still know that Chauvin is a murderer," states that the sight of Marshals in the courtroom and defense attorneys cooperating at counsel table will prejudice him. ECF No. 121 at 1. Defendant Thao asserts that "it will be easier for the jurors to understand" a limiting instruction if Chauvin is not present in the courtroom. ECF No. 125 at 4-5. Both assertions are based on unsupported speculation and neither amounts to the "real prejudice" required to justify severance. It is at least equally likely that if all four defendants are seated together at the defense table, the jury will be able to form a more accurate assessment of the relative culpability of each, *see Richardson*, 481 U.S. at 210, a circumstance that may benefit defendants Thao, Kueng, and Lane.

To the extent that co-defendants may be prejudiced by the admission of evidence implicating one defendant or by being tried jointly with a more culpable and previously convicted co-defendant, any such prejudice can be addressed through limiting instructions. *See United States v. Young*, 753 F.3d 757, 779 (8th Cir. 2014) (affirming the denial of a motion to sever where the defendant claimed she was prejudiced by evidence of her co-defendant's sexual misconduct, and noting "that proper limiting instructions can alleviate or minimize any potential harm that co-defendants contract from evidence that reflects poorly on them"); *United States v. Kuenstler*, 325 F.3d 1015, 1024 (8th Cir. 2003) (affirming the denial of a motion to sever based on the court's use of limiting instructions where the jury heard evidence of one defendant's prior criminal record, greater involvement in the charged offenses, prior participation in similar acts, and threats to witnesses). Courts presume that jurors understand and follow their instructions. *See Ali*, 799 F.3d at 1024 (citing *United States v. Ford*, 726 F.3d 1028, 1033 (8th Cir. 2013)). Any speculation that the jurors will not do so here, without more, cannot satisfy their heavy burden of establishing "severe and compelling prejudice." *See Pherigo*, 327 F.3d at 693.

Severing defendant Chauvin would impair both the efficiency and fairness of these proceedings by requiring victims and witnesses to testify repeatedly about the same events, potentially increasing their trauma, while failing to effectively address the defendants' stated concerns. The court can instead effectively and efficiently address any potential risks of prejudice through appropriate limiting instructions.

### III. Conclusion

WHEREFORE, the United States respectfully asks this Honorable Court to enter an Order denying defendants' motions to sever.

Dated: October 26, 2021                           Respectfully submitted,

W. ANDERS FOLK                                    KRISTEN CLARKE
Acting United States Attorney                     Assistant Attorney General
                                                  Civil Rights Division
/s/ W. Anders Folk
BY:   W. ANDERS FOLK                              /s/ Samantha Trepel
Acting U.S. Attorney                              BY:   SAMANTHA TREPEL
Attorney ID No. 0311388                           Special Litigation Counsel
                                                  Attorney ID No. 992377 DC