UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 21-cr-108 (2) (PAM/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Tou Thao, | |
| Defendant. | |

Manda M. Sertich, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415; and Samantha Trepel, Department of Justice – Civil Rights Division, 150 M Street NE, Washington, DC 20530 (for the Government); and

Robert M. Paule, Robert M. Paule, PA, 920 Second Avenue South, Suite 975, Minneapolis, MN 55402; and Natalie R. Paule, Paule Law PLLC, 5100 West 36th Street, P.O. Box 16589, Minneapolis, MN 55416 (for Defendant).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following pretrial motions:

1. Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2 (ECF No. 41);

2. Defendant's Motion for Discovery and Inspection (ECF No. 72);

3. Defendant's Motion for Government Agents to Retain Rough Notes (ECF No. 73);

4. Defendant's Motion for Discovery and Inspection of Expert Witness Testimony (ECF No. 74);

5. Defendant's Motion for Disclosure of Evidence Favorable to Defendant (ECF No 75);

6. Defendant's Motion for Disclosure of 404(b) Evidence (ECF No. 76);

7. Defendant's Motion for Discovery and Inspection of Records of All Electrical Surveillance (ECF No. 77);

8. Defendant's Motion for Disclosure of Government Witness List (ECF No. 79);

9. Defendant's Motion for Early Disclosure of Jencks Act Materials (ECF No. 80);

10. Defendant's Motion for *Giglio* Material (ECF No. 81);

11. Defendant's Motion for Disclosure of Grand Jury Transcript (ECF No. 82);

12. Defendant's Motion for Bill of Particulars (ECF No. 83);

13. Defendant's Motion for Disclosure of Post-Conspiracy Statements of Co-Defendants (ECF No. 84); and

14. Defendant's Motion for Participation by Counsel in Voir Dire (ECF No. 85).

A hearing was held via Zoom videoconferencing technology on September 14, 2021.[1] (ECF No. 115.)  Assistant United States Attorneys Manda Sertich and Samantha Trepel appeared on behalf of the United States of America (the "Government").  Attorneys Robert M. Paule and Natalie R. Paule appeared on behalf of Defendant Tou Thao.  Based upon the record, memoranda, oral arguments of counsel, and the agreement of the parties as noted at the hearing, **IT IS HEREBY ORDERED** as follows:

1. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2 (ECF No. 41) is **GRANTED**.

---

[1] Defendant previously consented to the motions hearing being conducted by videoconferencing. (ECF No. 47.)  He also consented to the proceedings being held by way of videoconferencing on the record during the hearing.

This motion seeks discovery available under Federal Rules of Criminal Procedure 12.1, 12.2, 12.3, 16(b), and 26.2. Defendant does not object to this motion and it is granted in all respects.

2. Defendant's Motion for Discovery and Inspection (ECF No. 72) is **GRANTED IN PART** and **DENIED IN PART**.

Defendant generally seeks materials subject to disclosure under Rule 16(a)(1)(A) through (F) of the Federal Rules of Criminal Procedure and an order for continuing disclosure. (ECF No. 72 at 1-2.) The Government "has no objection to providing Rule 16 discovery" and states it "will continue to disclose additional materials as they are available." (Gov't's Consol. Resp. at 2-3, ECF No. 108.) The Government does, however, object to the extent Defendant seeks discovery outside of Rule 16. (*Id.* at 3.)

Defendant's motion is granted in part to the extent his discovery requests seek responsive information subject to disclosure under Rule 16(a)(1)(A) through (F) that remains in the Government's control and has not yet been produced. Defendant's motion is further granted in part to the extent his discovery requests seek discovery and disclosures ordered produced elsewhere in this Order or that the Government is otherwise obligated to disclose by law. *See, e.g.*, *infra* ¶ 5. Defendant's discovery requests are denied in all other respects. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal defendants do not have a general constitutional right to discovery."). Except as otherwise set forth in this Order, the Government shall produce the discovery ordered herein as soon as practicable.

And, while the Court has no reason to doubt that the Government will honor its

continuing disclosure obligations under Rule 16(c), any responsive information or material subject to disclosure that subsequently comes into the Government's possession, knowledge, or control shall be produced in a timely fashion.

3. Defendant's Motion for Government Agents to Retain Rough Notes (ECF No. 73) is **GRANTED**.

Defendant requests an order directing that all law enforcement officers preserve and retain for inspection all rough notes and video/audio tapes gathered as part of their investigation. (ECF No. 73 at 1.) The Government does not object to the retention of rough notes but opposes their disclosure. (Gov't's Consol. Resp. at 8.) The Government further objects to this motion "to the extent [Defendant] demand[s] a general preservation order that goes beyond the scope of Rule 16, *Brady*, *Giglio*, and/or the Jencks Act." (*Id.*)

Defendant's request for the retention of rough notes and evidence is granted. To the extent that it has not already done so, the Government shall direct its agents to preserve any rough notes and evidence pertaining to this matter. If there is a dispute about whether an item in the custody of the Government should be preserved or disposed of, counsel should raise that matter in a specific motion.

4. Defendant's Motion for Discovery and Inspection of Expert Witness Testimony (ECF No. 74) is **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART**.

Defendant requests the disclosure of any expert testimony under Rules 702, 703, or 705 of the Federal Rules of Evidence. *See* Fed. R. Crim. P. 16(a)(1)(G). The parties filed their Joint Motion for Expert Disclosure and Notice of Intent to Seek an Expert Scheduling

Order prior to the hearing.  (*See* ECF No. 91.)  The parties generally agree that disclosure of experts and expert testimony is appropriate.  (*See id.*; Tr. 16:24-18:12.)  The motion is granted in part as it relates to the need to disclose experts and expert testimony under Rules 702, 703, or 705.  *See* Fed. R. Civ. 16(a)(1)(G).  The motion is denied in part without prejudice as it relates to any particular timing for disclosures, which is more specifically set forth in the Order Denying Joint Motion.  (ECF No. 131.)

5. Defendant's Motion for Disclosure of Evidence Favorable to Defendant (ECF No. 75) and Motion for *Giglio* Material (ECF No. 81) are **GRANTED IN PART** and **DENIED IN PART**.

Defendant seeks disclosure of evidence favorable to him under *Brady v. Maryland*, 373 U.S. 83 (1963), *Miller v. Pate*, 386 U.S. 1 (1967), *Giles v. Maryland*, 386 U.S. 66 (1967), *Moore v. Illinois*, 408 U.S. 786 (1972), and *Giglio v. United States*, 405 U.S. 150 (1972).  This includes statements made by witnesses or persons interviewed by law enforcement; prior convictions of prospective Government witnesses; and any offers, promises, or awards made to prospective Government witnesses.  (ECF No. 75 at 2; ECF No. 81 at 1-2.)  The Government responds that it is aware of and will continue to comply with its discovery obligations under *Brady*, *Giglio*, and their progeny.  (Gov't's Consol. Resp. at 3-4.)

"The Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment."  *United States v. Dones-Vargas*, 936 F.3d 720, 722 (8th Cir. 2019) (citing *Brady*, 373 U.S. at 87); *see United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to

5

exculpatory and impeachment evidence, whether or not the accused has specifically requested the information.") (citations omitted). "The [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio*, 405 U.S. at 154); *accord Dones-Vargas*, 936 F.3d at 722; *see Whitehill*, 532 F.3d at 753. "One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted). The Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* (citing *United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975)). "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

Nevertheless, "[a] federal criminal defendant generally has no right to know about government witnesses prior to trial." *United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013) (quotation omitted); *see United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971) ("The request for statements of witnesses not to be called at trial is merely another way of determining whether the co-conspirators named in the indictment would be witnesses at trial, . . . [and] the identity of witnesses is information the government is not normally required to supply to the criminal defendant." (quotation omitted)); *United States v. Wisman*, No. 4:06CR0036 DJS/TCM, 2006 WL 587601, at *2 (E.D. Mo. Mar. 9, 2006)

("The statements of a non-witness are not discoverable.").

Defendant's motions are granted in part to the extent that the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny and disclose all exculpatory and impeachment evidence as well as Jencks Act and Federal Rule of Criminal Procedure 26.2 materials. If the Government subsequently discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery. The parties are encouraged to meet and confer regarding the disclosure of Jencks Act materials. *See infra* ¶ 9.

To the extent Defendant seeks discovery and disclosures outside the Government's obligations under these authorities or seeks materials that have already been produced, such requests are denied. *See Johnson*, 228 F.3d at 924. Further, to the extent Defendant seeks the statements of non-testifying witnesses not otherwise encompassed within the Government's disclosure obligations, these requests are likewise denied. *See Hamilton*, 452 F.2d at 479; *Wisman*, 2006 WL 587601, at *2.

6. Defendant's Motion for Disclosure of 404(b) Evidence (ECF No. 76) is **GRANTED IN PART** and **DENIED IN PART**.

Defendant requests that the Government "disclose any 'bad act' or 'similar course of conduct' evidence it intends to offer at trial" pursuant to Federal Rule of Evidence 404(b). (ECF No. 76 at 1.) The Government states that it "has already made significant disclosures of such evidence, is fully aware of its disclosure and notice obligations under Fed. R. Evid. 404, and intends to comply fully with those obligations." (Gov't's Consol. Resp. at 6.) The Government also requests that this Order "be strictly drawn to require no

7

more than what is encompassed by the Rule." (*Id.* at 7.) It proposes making its disclosures 30 days before trial "to the extent such evidence has not already been disclosed by that date." (*Id.* at 6.) At the hearing, Defendant was satisfied with the Government's proposed timeline for disclosure. (Tr. 29:11-15.)

Rule 404(b) requires the Government to provide reasonable written notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2); *see* Fed. R. Evid. 404(b)(3)(A) (prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it"), (C) (in writing). The Government is required to "articulate in the notice the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B).

"Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010). It does not apply to intrinsic evidence. *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence."). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

Moreover, Rule 404(b) does not require that the Government "disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required

8

to do under [Fed. R. Crim. P.] 16." Fed. R. Evid. 404(b) advisory committee's notes, 1991 Amendments; *see Polk*, 715 F.3d at 24; *Hamilton*, 452 F.2d at 479; *see also United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012) ("In 1975, Congress amended Rule 16 to eliminate a requirement that the government disclose its witnesses prior to trial.").

Therefore, consistent with the parties' agreement, no later than 30 days prior to trial, the Government shall provide reasonable written notice of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Rule 404(b), "articulat[ing] the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B). Defendant's motion is otherwise denied. If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery. *See* Fed. R. Evid. 404(b)(3)(C).

7. Defendant's Motion for Discovery and Inspection of Records of All Electrical Surveillance (ECF No. 77) is **DENIED AS MOOT**.

Defendant filed a motion seeking "an order directing the Government to disclose and allow inspection of all methods of electrical surveillance utilized by law enforcement in this case" including wire-tapping and the interception of telephone conversations; surveillance by radio transmissions or receptions; and GPS surveillance and "triggerfish" surveillance. (ECF No. 77 at 1.)

The Government asserts that there was no electronic surveillance used in connection with this case. (Gov't's Consol. Resp. at 20-21.) At the hearing, Defendant agreed that this motion is moot. (Tr. 30:4-5.) The motion is therefore denied.

8.      Defendant's Motion for Disclosure of Government Witness List (ECF No. 79) is **GRANTED IN PART** and **DENIED IN PART**.

Defendant requests that the Government produce its witness list at least six months prior to trial "irrespective of whether the Government intends to utilize said witnesses in its case in chief, or rebuttal." (ECF No. 79 at 1.)  Though his motion also requested the witnesses's addresses, during the hearing he agreed that he did not need addresses. (Tr. 31:2-5.) Defendant has no objection to reciprocal disclosure of his own witnesses. (Tr. 31:19-22.) The Government has agreed to provide a potential witness list which identifies the witnesses it may call in its case-in-chief at least 30 days prior to trial. (Gov't's Consol. Resp. at 10.) During the hearing, the parties further agreed to meet and confer on the issue of the scope of the witness information the Government will ultimately disclose. (Tr. 31:4-18.)

As stated above, *see supra* ¶¶ 5-6, "[a] federal criminal defendant generally has no right to know about government witnesses prior to trial." *Polk*, 715 F.3d at 249 (quotation omitted); *see also Miller*, 698 F.3d at 704. Therefore, consistent with the Government's proposal and the parties' agreement, no later than 30 days prior to trial, the parties shall make reciprocal witness disclosures which include the potential witnesses each will call in their case-in-chief. Defendant's motion is otherwise denied.

9.      Defendant's Motion for Early Disclosure of Jencks Act Materials (ECF No. 80) is **DENIED**.

Defendant seeks early disclosure of Jencks Act materials, requesting that such materials be disclosed 30 days before trial. (ECF No. 80 at 1.) The Government objects

to any Court-ordered early disclosure but agrees to meet and confer with defense counsel about a deadline for disclosure at a later date. (Gov't's Consol. Resp. at 5-6; Tr. 32:16-20.)

By its terms,

> [t]he Jencks Act does not compel the government to produce a statement or report of a government witness until after the witness has testified on direct examination, after which the defendant may move for the production of any statements in the government's possession made by that witness relating to the subject matter of his testimony.

*United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998); *see* 18 U.S.C. § 3500(b). "Although in many cases the government freely discloses Jencks Act material to the defense in advance of trial, the government may not be required to do so." *Green*, 151 F.3d at 1115 (quotation omitted); *accord United States v. Wilson*, 102 F.3d 968, 971-72 (8th Cir. 1996). Defendant's request for early disclosure of Jencks Act materials is denied. While the Court is not ordering the Government to disclose Jencks Act materials early, the Court encourages the parties to meet and confer to discuss disclosure of such materials.

10. Defendant's Motion for Disclosure of Grand Jury Transcript (ECF No. 82) is **GRANTED IN PART** and **DENIED IN PART**.

Defendant seeks disclosure of the minutes and transcripts of the grand jury. (ECF No. 82 at 1.) The Government responds that it has "already disclosed the vast majority of grand jury transcripts" and will produce the grand jury transcript for any witness it intends to call at trial. (Gov't's Consol. Resp. at 9.) It objects to any order which would require disclosure of transcripts in advance of the corresponding witness's testimony except to the

extent that it agrees to meet and confer regarding the reciprocal disclosure of Jencks Act materials. *See supra* ¶ 9.

"It has long been recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings. This principle is reflected in Federa; Rule of Criminal Procedure 6(e) which establishes a general rule of confidentiality for all matters occurring before the grand jury." *United States v. McDougal*, 559 F.3d 837, 840 (8th Cir. 2009) (quotation and citation omitted). "Exceptions to the rule of nondisclosure will be made only where there is a 'particularized need.'" *United States v. Haire*, 103 F.3d 697, 699 (8th Cir. 1996); *accord United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994) ("It is well-established that a showing of 'particularized need' is necessary before the court will accede to such a release."). Defendant has not made any showing of particularized need. Therefore, Defendant's motion is denied except to the extent the Government is required to disclose such materials under the Jencks Act; Federal Rules of Criminal Procedure 12(h) and 26.2; and *Brady*, *Giglio*, and their progeny. *See United States v. Daniels*, 232 F. App'x 611, 612 (8th Cir. 2007) (per curiam) (no abuse of discretion in denying motion for grand jury transcripts given defendant's "failure to make any showing in support of his request for them"); *Broyles*, 37 F.3d at 1318.

11.     Defendant's Motion for Bill of Particulars (ECF No. 83) is **DENIED**.

Defendant moves for a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f), arguing that the "indictment is unhelpful in providing specific notice." (ECF No. 83 at 1.) Rule 7 requires a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Where the

indictment contains all the essential elements of the charge(s) and alleges sufficient information to allow the defendant to plead a conviction or acquittal as a bar to subsequent prosecution, the indictment is sufficient. *United States v. Mann*, 701 F.3d 274, 288 (8th Cir. 2012); *see United States v. Fleming*, 8 F.3d 1264, 1265 (8th Cir. 1993) ("An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted.").

"If a defendant believes that an indictment does not provide enough information to prepare a defense, then he or she may move for a bill of particulars." *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009) (citing Fed. R. Crim. P. 7(f)). "The purpose of a bill of particulars is to inform the defendant of the nature of a charge with sufficient precision to enable him to prepare for trial and to avoid or minimize the danger of surprise at trial." *Livingstone*, 576 F.3d at 883 (internal quotation marks omitted). "The district court, in its discretion, may order the government to provide requested additional detail where the particulars set out in the indictment fail sufficiently to apprise the defendant of the charges to enable him to prepare a defense." *United States v. Garrett*, 797 F.2d 656, 665 (8th Cir. 1986). "A bill of particulars is not to be used for discovery purposes." *United States v. Hill*, 589 F.2d 1344, 1352 (8th Cir. 1979); *accord United States v. Hester*, 917 F.2d 1083, 1084 (8th Cir. 1990).

With respect to Count 2, Defendant seeks "specific notice of how his particular actions deprived Mr. Floyd of the right to be free from unreasonable search and seizure" and how his "actions resulted in or contributed to the bodily injury or death of Mr. Floyd." (ECF No. 83 at 1.) With respect to Count 3, Defendant seeks "specific notice" of: (1) "how

he willfully failed to aid Mr. Floyd or how he acted with deliberate indifference to a substantial risk of harm to Mr. Floyd"; and (2) "what the substantial risk of harm to Mr. Floyd was that [Defendant] allegedly ignored." (*Id.* at 2.)

The Indictment contains an introductory section which states that Defendant was, at all times relevant to the Indictment, employed as a Minneapolis Police Department officer. (Indictment at 1, ECF No. 1.) In Count 2 of the Indictment, Defendant, along with Co-Defendant J. Alexander Kueng, is charged with deprivation of rights under color of law in violation of 18 U.S.C. § 242. (*Id.* at 2-3.) Count 2 alleges that on or about May 25, 2020, Defendant, "while acting under color of law, willfully deprived George Floyd of the right, secured and protected by the Constitution and laws of the United States, to be free from an unreasonable seizure." (*Id.* at 2.) The Indictment then provides additional information:

> Specifically, Defendants Kueng and Thao were aware that Defendant Chauvin was holding his knee across George Floyd's neck as Floyd lay handcuffed and unresisting, and that Defendant Chauvin continued to hold Floyd to the ground even after Floyd became unresponsive, and the defendants willfully failed to intervene to stop Defendant Chauvin's use of unreasonable force. This offense resulted in bodily injury to, and the death of, George Floyd.

(*Id.* at 2-3.)

In Count 3 of the Indictment, Defendant, along with Co-Defendants Derek Michael Chauvin, Kueng, and Thomas Kiernan Lane, is charged with a second count of deprivation of rights under color of law in violation of 18 U.S.C. § 242. (*Id.* at 3-4.) Count 3 alleges that on or about May 25, 2020, Defendant, "while acting under color of law, willfully deprived George Floyd of the right secured and protected by the Constitution and laws of

14

the United States, not to be deprived of liberty without due process of law." (*Id.* at 3.) The Indictment then provides further information, including that due process "includes an arrestee's right to be free from a police officer's deliberate indifference to his serious medical needs," and that Defendant specifically "saw George Floyd lying on the ground in clear need of medical care, and willfully failed to aid Floyd, thereby acting with deliberate indifference to a substantial risk of harm to Floyd." (*Id.*) Count 3 also alleges that this offense resulted in the bodily injury to and death of George Floyd. (*Id.*)

Defendant generally seeks more specific information on his actions and how they deprived Mr. Floyd of his rights and contributed to the bodily injury or death of Mr. Floyd. To the extent Defendant seeks evidence the Government intends to introduce at trial, "a Bill of Particulars is not intended to be a substitute for discovery, nor is it designed to provide information which the Defendant might regard as generally helpful, but which is not essential to his defense." *United States v. Finn*, 919 F. Supp. 1305, 1325 (D. Minn. 1995) (citing *United States v. Wessels*, 12 F.3d 746, 750 (8th Cir. 1993)). This Court has already addressed herein discovery motions filed by Defendant and a motion for a bill of particulars is not the proper vehicle for further discovery. Further, the Government has also provided discovery to Defendant, including "a large volume of reports, video, and other evidence" which capture Defendant's allegedly purposeful acts and purposeful omissions. (Gov't's Consol. Resp. at 13.)

Moreover, the Indictment adequately informs Defendant of the nature of the charges against him and provides him an opportunity to prepare a defense at trial. The Indictment sets forth the specific law the Government alleges he violated, charging him with two

15

counts of deprivation of rights under color of law in violation of 18 U.S.C. § 242. In Count 2, it is alleged that Defendant, acting under color of law, willfully deprived George Floyd of the right to be free from unreasonable seizure. The Indictment describes that this deprivation occurred when Defendant failed to intervene while Co-Defendant Chauvin used unreasonable force against Mr. Floyd. The Indictment further describes the unreasonable force. In Count 3, it is alleged that Defendant, again acting under color of law, willfully deprived George Floyd of the right not to be deprived of liberty without due process of law. The Indictment describes that Mr. Floyd's right to due process included the right to be free from a police officer's deliberate indifference to serious medical needs while he was under arrest, and that Defendant acted with deliberate indifference to a substantial risk of harm to Mr. Floyd when he failed to aid him while he was lying on the ground in clear need of medical care. Thus, the Indictment provides the acts and omissions committed by Defendant which resulted in the two charges laid against him. The offenses Defendant is charged with, buttressed by the remaining charges in the Indictment against the other Co-Defendants, inform him of the nature of the charges with sufficient precision to enable him to prepare for trial and avoid or minimize the danger of surprise at trial.

In conclusion, after careful consideration, the Court determines that Defendant's request for a bill of particulars should be denied. The information set forth in the Indictment, combined with the discovery already provided to Defendant, is "more than sufficient to enable [Defendant] to understand the nature of the charges, prepare a defense, and avoid unfair surprise." *United States v. Huggans*, 650 F.3d 1210, 1220 (8th Cir. 2011) (citing *Livingstone*, 576 F.3d at 883).

12. Defendant's Motion for Disclosure of Post-Conspiracy Statements of Co-Defendants (ECF No. 84) is **DENIED AS MOOT**.

Defendant seeks disclosure of the statements of "any defendant or unindicted co-conspirator" pursuant to Rule 16(c) of the Federal Rules of Criminal Procedure[2] and *Bruton v. United States*, 391 U.S. 123 (1968). (ECF No. 84 at 1.) The Government responds that it: (1) "has provided each defendant with all known discovery materials concerning any post-arrest statement of that particular defendant"; and (2) "will provide, 14 days prior to trial, reports detailing any post-arrest statements made by defendants that it intends to introduce in its case-in-chief, as well as statements of unindicted co-conspirators, if the government plans on calling such witnesses." (Gov't's Consol. Resp. at 14.)

During the hearing, Defendant agreed that this proposal by the Government sufficiently responded to his motion. (Tr. 35:17-19.) The Court thus denies the motion as moot.

13. Defendant's Motion for Participation by Counsel in Voir Dire (ECF No. 85) is **DENIED WITHOUT PREJUDICE**.

Defendant requests that his counsel be permitted to "supplement the Court's voir dire examination by further inquiring as to what stereotypes a prospective juror might maintain and the impact caused by this belief on the juror's impartiality." (ECF No. 85 at 1.) "Jury voir dire is an aspect of trial procedure and management that is entirely within the discretion of the trial court." *United States v. Crown*, No. 07-cr-4313 (PJS/AJB), 2008

---

[2] Defendant writes he seeks this information pursuant to "Rule 16(c) of the Federal Rules of Evidence." (ECF No. 84 at 1.) The Court assumes this is a typographical error and interprets Defendant's request as one pursuant to the Federal Rules of Criminal Procedure.

17

WL 783405, at *3 (D. Minn. Mar. 24, 2008); *see United States v. Dukes*, No. 15-cr-165(14) (JRT/LIB), 2015 WL 10382395, at *7 (D. Minn. Nov. 10, 2015) ("Counsel's participation in voir dire is a matter for the trial judge shortly before trial."), *report and recommendation adopted*, 2016 WL 829902 (D. Minn. Mar. 1, 2016).  Accordingly, Defendant's motion is denied without prejudice.  *United States v. Jaunich*, No. 07-cr-328 (PAM/JSM), 2008 WL 114897, at *1 (D. Minn. Jan. 10, 2008) (motion for counsel to participate in voir dire should have been denied without prejudice "leaving the final decision on the participation of counsel in voir dire" to the district court).

14.   All prior consistent orders remain in full force and effect.

15.   Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.


Date: November  29 , 2021                              *s/Tony N. Leung*
                                                       Tony N. Leung
                                                       United States Magistrate Judge
                                                       District of Minnesota


                                                       *United States v. Thao*
                                                       Case No. 21-cr-108 (2) (PAM/TNL)