UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No.: 21-CR-108 (2) (PAM/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>TOU THAO, )<br>)<br>Defendant. )<br>) | **DEFENDANT THAO'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM INVITING JURY NULLIFICATION** |

On December 30, 2021, the government in the above-captioned case filed a Motion in Limine to Preclude Defendants from Inviting Jury Nullification. Doc. No. 149. The government moved "to preclude the defendants from offering evidence or argument calculated to induce jury nullification or likely to have that effect." *Id*. Specifically, the government requested an order precluding defendants, including Mr. Thao, from arguing "that they should not be held accountable for the charged crimes because: (1) the culture at the Minneapolis Police Department (MPD) makes them somehow less responsible for their own acts or omissions, and (2) because other MPD officers have not been held accountable for similar acts or omissions in the past."

Defendant Thao does not intend to argue for jury nullification.[1] As such, Defendant Thao does not oppose an order preventing his defense from arguing the jury to nullify.

---

[1] Noting that while the defense is entitled to instruct the jury on nullification, it is permissible for a jury to nullify on their own account. *United States v. Mayer,* No. 19-cr-0096, slip op. at 5 (D. Minn. June 15, 2021) ("Moreover,

1

However, Mr. Thao objects to any order barring his defense from bringing in evidence about MPD culture or other past force complaints. Those subjects are relevant to the issues at hand, go to truthfulness and bias of government witnesses, and have been brought up by the government's own witnesses at prior testimony or interviews. An order precluding defense from presenting or cross-examining on those issues would be an end-around way for the Government to preclude Mr. Thao from bringing up relevant and potentially exculpatory testimony or evidence, which would infringe on his right to present a complete defense.

As such, Mr. Thao does not object to a motion precluding his counsel from arguing for jury nullification, but respectfully objects if that order specifically bars his counsel from admitting evidence or testimony (through cross or direct) about MPD culture or how other use-of-force complaints/events have been historically handled.

Respectfully submitted,

Dated: This 10th day of January, 2022     /s/ Robert M. Paule
                                          Robert M. Paule (#203877)
                                          Robert M. Paule, P.A.
                                          920 Second Avenue South
                                          Suite 975
                                          Minneapolis, MN 55402
                                          T: (612) 332-1733
                                          F: (612) 332-9951


                                          Natalie R. Paule (#0401590)

---

although a jury has the power to find a defendant not guilty for any reason, a defendant has no right to incite jury nullification". (citing to *United States v. Horsman,* 114 F.3d 822, 829 (8th Cir. 1997)).

Paule Law P.L.L.C.
101 East Fifth Street
Suite 1500
St. Paul, MN 55101
T: (612) 440-3404
nrp@paulelaw.com

Attorneys for Tou Thao