UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 21-108 (PAM/TNL) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Tou Thao, J Alexander Kueng, and Thomas Kiernan Lane, | |
| Defendants. | |

_____

This matter is before the Court on the parties' Motions in Limine. Because some of Defendants' Motions overlap, the Court will discuss certain Motions by subject, and the remainder by moving party.

**A.   Government's Motion**

The Government's Motion seeks to preclude Defendants from making certain arguments that, according to the Government, will invite jury nullification of the charges. Specifically, the Government asks the Court to prohibit Defendants from arguing that they should not be convicted because the culture at the Minneapolis Police Department makes them less responsible for their actions, or because other Minneapolis Police Department officers have not been held accountable for similar actions in the past.

The Court is confident that all counsel will act as officers of the Court while vigorously representing their clients. As the parties recognize, arguments inviting the jury to nullify the law are improper, and the Court will not hesitate to intervene should any attorney make such arguments to the jury. However, counsel must be permitted to defend

their clients, and the Court will not at this stage prohibit broad categories of evidence or argument because of the fear of jury nullification. The Government's Motion is granted to the extent that the parties are prohibited from inviting jury nullification.

**B.     Motion for Additional Peremptory Challenges**

Defendants Lane and Thao seek additional peremptory challenges, with Lane arguing that pretrial publicity necessitates that each Defendant have 10 peremptory challenges instead of sharing 10 challenges as is common practice in this Court.

The parties agreed to an extensive juror questionnaire and have had the opportunity to challenge jurors based on their answers in this questionnaire. Additional peremptory challenges are not necessary or appropriate. Defendants' Motions are denied.

**C.     Motions to Strike Surplusage**

Defendants Lane and Kueng ask the Court to strike the allegation in the Indictment that they each began working for the Minneapolis Police Department in December 2019. According to Defendants, this information is prejudicial because they began working as police-department recruits in December 2019 but were not full-fledged officers until shortly before the incident in question. As recruits, they were required to work with a field-training officer at all times and, according to Lane, meant that the recruits could not make decisions on their own.

As the Government points out, however, Lane and Kueng were not police officer recruits as of December 2019, they were police officers. And allegations in an indictment should be stricken only if those allegations are irrelevant, inflammatory, or prejudicial. United States v. Michel-Galaviz, 415 F.3d 946, 948 (8th Cir. 2005). An allegation that

Defendants were sworn in as police officers in December 2019 is not inflammatory or prejudicial, and Defendants are free to argue to the jury that they were not truly full-fledged officers until shortly before the incident in question. These Motions are denied.

**D. Defendant Kueng's Motions**

**1. Speculative Testimony**

Defendant Kueng first asks the Court to prohibit witnesses from testifying as to what they would have done had they been involved in the incident in question. According to Kueng, this testimony is speculative. He also argues that because the four officers charged in this matter were the only officers on the scene, no other witness has personal knowledge about what occurred and any testimony regarding what occurred or what actions the officers should have taken is thus improper opinion testimony.

Speculation regarding what another officer might have done when confronted with the situation at issue is improper. The Court will grant the Motion as to this type of evidence. The remainder of the Motion is denied without prejudice to objection during trial.

**2. Testimony from Paramedics Regarding George Floyd's Condition**

Next, Kueng seeks to preclude testimony from the paramedics who arrived on the scene that George Floyd was dead when they arrived. Kueng contends that the paramedics' attempts to revive Mr. Floyd contradict their belief that he was already deceased.

Paramedics are medical professionals and can testify as to their medical opinions regarding Mr. Floyd's condition when they examined him. Any alleged contradiction between those opinions and the paramedics' actions can be explored through cross-

3

examination. Nor is the testimony irrelevant, as one of the issues in the case is whether Defendants' actions caused Mr. Floyd's death. This Motion is denied.

### 3. Non-Expert Use-of-Force Testimony

Kueng's third Motion asks the Court to prohibit any lay witnesses from testifying regarding the use of force. According to Kueng, multiple experts from both sides will testify regarding the use of force and any lay testimony regarding the physiological effects of placing an arrestee in a prone position will not assist the jury.

The Rules contemplate lay witnesses testifying to matters within their knowledge and do not limit opinion testimony only to expert witnesses. Fed. R. Evid. 701. Should lay witnesses offer improper opinion evidence or testimony that is otherwise inadmissible, counsel may object at that time. Moreover, to the extent that police-department procedures address placing arrestees in prone positions, such procedures may be relevant to the issues in this case. This Motion is denied without prejudice.

### 4. Multiple Physician Experts

Kueng asks the Court to preclude the Government from presenting cumulative medical evidence. Cumulative evidence is not only inefficient but is improper. The Government must ensure that the medical testimony it presents is not cumulative. This Motion is granted without prejudice to the Government presenting non-cumulative medical evidence.

### 5. Video Evidence

Kueng's final Motion seeks the exclusion of any video evidence that has been spliced together to contain video from multiple sources. Kueng argues that by intermixing

4

body-camera video from Defendants with videos taken by bystanders, the jury might be misled regarding what Defendants could and could not see and hear during the incident.

The Court has not had opportunity to review this evidence, and thus will reserve ruling on this Motion until it has done so.

E. **Defendant Thao's Motions**

1. **Improper use-of-force testimony**

Defendant Thao's second Motion asks the Court to exclude five categories of use-of-force testimony regarding: any Defendant's state of mind, whether Defendants' use of force was reasonable or lawful, referencing otherwise inadmissible evidence, instructing the jury on the legal standard for use-of-force cases, and that purports to resolve disputed facts. The Government does not object to this Motion, asking that all parties be held to these standards. The Motion will therefore be denied without prejudice to objection during trial.

2. **Limit Experts to Area of Expertise**

Thao asserts in this Motion that, during investigative interviews of Minneapolis Police Department staff, there were "numerous occasions of expert witnesses opining outside of their area of expertise." (Docket No. 159 at 1.) It is a fundamental principle of evidence that a witness can testify only about his or her knowledge or expertise. This Motion is granted.

3. **Impeachment Evidence – Government Witness**

Next, Thao asks the Court to allow him to impeach a former Lieutenant of the Minneapolis Police Department with racist statements captured on the officer's body

5

camera. Because the Government will not call this witness during trial, this Motion is moot and will be denied as such.

### 4. Witnesses' Emotional Response

Thao argues that the Court should prohibit the Government from inquiring about any witness's emotional response to the incident or to videos of the incident. The Government should take care not to directly question witnesses about their emotional responses to the events, but neither the Court nor the Government can prevent a witness from having an emotional response to questions or to his or her memory of the events. This Motion is granted.

### 5. Witness Clothing

Defendant Thao seeks an order prohibiting witnesses from wearing clothing that he asserts is designed to confuse or prejudice the jury. He points to two instances from the state proceedings to support this argument. In the first, a firefighter witness wore her firefighting uniform on the witness stand although she was testifying as a lay witness. In the second, another witness wore a t-shirt with the phrase "Black Excellence" under his dress shirt.

The Court will not issue a dress code for the witnesses in this matter. Rather, the Court expects the party propounding each witness to ensure that the witness's attire is appropriate and will not prejudice the jury. However, a witness should appear in uniform only if they are testifying in their official capacity. This Motion is granted in part and denied without prejudice in part.

6.     **Extend Time for Additional Motions in Limine**

In his final Motion in Limine, Thao asks the Court for additional time to file motions in limine, contending that he may have objections to the Government's exhibits but has not yet seen the Government's exhibit list. Any objections to exhibits can be raised during pretrial proceedings; additional written motions in limine in this regard are likely unnecessary. Should briefing regarding exhibit-list objections become necessary, the parties may seek the Court's permission to file written materials at that time. This Motion is denied without prejudice.

7.     **Motion to Exclude Witnesses**

After the Government disclosed its witness list, Thao filed an additional Motion seeking to exclude juvenile eyewitnesses to the events. The Court shares Thao's belief that the testimony of seven "bystanders" is likely to be cumulative and warns the Government about presenting cumulative testimony. But the exclusion of a witness merely because the witness is a juvenile is not warranted at this juncture. Defendants may object should the testimony offered be cumulative or otherwise improper. This Motion is denied without prejudice.

F.     **Lane's Motion**

Lane filed a late Motion in Limine seeking to prohibit the Government from calling a specific witness to the events, contending that this witness, a 10-year-old child, offers no testimony that other witnesses do not offer and only serves to invoke sympathy in the jury. The Court agrees that the testimony of this witness is unnecessary and likely only offered to elicit sympathy. This Motion is granted.

### G.  Joint Motion

The parties jointly move for attorney-conducted voir dire. It is this Court's longstanding practice to conduct all voir dire. The Court will consult with counsel during the voir dire process to ensure that all pertinent questions are asked of the panel. This Motion is denied.

### H.  Motion to Quash Subpoena

The City of Minneapolis moved to quash a subpoena the Government issued for the Minneapolis Police Department personnel records for certain individuals who may testify in this matter. The Court encourages the City and the Government to agree to a protective order governing this information, but also believes that much of this information is not relevant to the proceedings. Thus, the Motion to Quash is granted without prejudice to a stipulated protective order.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED that**:

1. The Motions to Allow Additional Peremptory Challenges (Docket Nos. 145, 157) are **DENIED**;

2. The Motions to Strike Surplusage (Docket Nos. 148, 155) are **DENIED**;

3. The Government's Motion regarding jury nullification (Docket No. 149) is **GRANTED**;

4. Defendant Kueng's First Motion regarding speculative testimony (Docket No. 150) is **GRANTED in part**;

5. Defendant Kueng's Second Motion regarding testimony from paramedics (Docket No. 151) is **DENIED**;

6. Defendant Kueng's Third Motion regarding use-of-force testimony (Docket No. 152) is **DENIED** without prejudice;

7. Defendant Kueng's Fourth Motion regarding cumulative medical testimony (Docket No. 153) is **GRANTED** without prejudice;

8. A ruling on Defendant Kueng's Fifth Motion regarding video evidence (Docket No. 154) is **RESERVED** pending Court review of the evidence;

9. Defendant Thao's Second Motion regarding improper use-of-force testimony (Docket No. 158) is **DENIED** without prejudice;

10. Defendant Thao's Third Motion regarding limiting expert testimony (Docket No. 159) is **GRANTED**;

11. Defendant Thao's Fourth Motion regarding impeachment evidence (Docket No. 160) is **DENIED as moot**;

12. Defendant Thao's Fifth Motion regarding witnesses' emotional responses (Docket No. 161) is **GRANTED**;

13. Defendant Thao's Sixth Motion regarding witness clothing (Docket No. 162) is **GRANTED** in part and **DENIED** without prejudice in part;

14. Defendant Thao's Seventh Motion to extend time for additional motions (Docket No. 163) is **DENIED** without prejudice;

15. Defendant Thao's Motion to Exclude Witnesses (Docket No. 192) is **DENIED** without prejudice;

16. Defendant Lane's Motion in Limine to exclude a witness (Docket No. 168) is **GRANTED**;

17. The parties' Joint Motion for Attorney-Conducted Voir Dire (Docket No. 164) is **DENIED**; and

18. The Motion to Quash Subpoena (Docket No. 183) is **GRANTED** without prejudice to a stipulated protective order.

Dated: Tuesday, January 11, 2022                     s/ *Paul A. Magnuson*
                                                                  Paul A. Magnuson
                                                                  United States District Court Judge