UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-108 (PAM/TNL)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **GOVERNMENT'S MOTION TO** |
| v. | ) | **EXCLUDE CHARACTER** |
| | ) | **EVIDENCE** |
| 2.   TOU THAO, | ) | |
| 3.   J. ALEXANDER KUENG, and | ) | |
| 4.   THOMAS KIERNAN LANE, | ) | |
| | ) | |
| Defendants. | ) | |

The United States of America, by and through its undersigned attorneys, moves to exclude all evidence of the defendants' character—other than opinion and reputation testimony as to law-abiding character—because it is not relevant to a pertinent trait, as required by Federal Rule of Evidence 404(a); it does not take the form of opinion or reputation testimony, as required by Rule 405; its probative value is substantially outweighed by the danger of unfair prejudice under Rule 403; and it violates the Court's order that "the parties are prohibited from inviting jury nullification." ECF No. 195 at 2.

Additionally, the government respectfully requests that the Court exclude Defendant Kueng's mother or any defendants' spouse from testifying as a character witness consistent with the Court's rationale for excluding J.R., a juvenile eyewitness to the offense, from testifying as to Mr. Floyd's objectively serious medical need: "the testimony

of this witness is unnecessary and likely only offered to elicit sympathy."  ECF No. 195 at 7.

Finally, to the extent other witnesses are called to provide opinion or reputation testimony as to a defendant's law-abiding character, the government requests that the Court limit any testimony to the witness "describing in a sentence or two how he is acquainted with [the defendant], [and] testify[ing] that, in his opinion, [the defendant] is a law-abiding" person; "the witness may go no further."  *United States v. Fiorito*, No. 07-cr-02121(1) (PJS/JSM), 2009 WL 1086518, at \*4 (D. Minn. Apr. 22, 2009).

## I.   <u>Argument</u>

In January 2022, Defendants Thao, Kueng, and Lane provided notice of several character witnesses expected to testify for the defense at trial.  The government anticipates that the defendants will seek to admit improper character evidence from these witnesses, including evidence of the defendants' peacefulness or compassion and evidence about the defendants' families.

Separately, the government has already moved to exclude "photographs and a video clip of defendant Lane volunteering and receiving an award for doing so, and photographs of defendant Kueng spending time with family, volunteering, and kissing a puppy" because such evidence is not relevant to a pertinent character trait, as required by Federal Rule of Evidence 404(a), and does not take the form of opinion or reputation testimony, as required by Rule 405.  ECF No. 202 at 3-6.  Likewise, the government has already moved to exclude evidence that Defendant Lane helped push a Black man in a wheelchair in January 2020 because such evidence is not relevant to a pertinent character trait, as required by Rule

404(a), and does not take the form of opinion or reputation testimony, as required by Rule

405.  ECF No. 188 at 5-6.

With the exception of the defendants' character to abide by the law, no other

character evidence is relevant to a pertinent trait as is required by Federal Rule of Evidence

404.  Evidence of the defendants' peacefulness or compassion and evidence stemming from

information about the defendants' families is irrelevant under Rule 404; calls for

inadmissible specific-instance evidence under Rule 405; and is properly excluded under

Rule 403.  Accordingly, the government moves to exclude all evidence of the defendants'

character other than opinion and reputation testimony of their law-abiding nature.

### A. The Federal Rules of Evidence permit the defense to introduce opinion or reputation testimony—but not evidence of specific instances of conduct—as to a defendant's character for being law-abiding.

Rule 404(a) limits the introduction of character evidence to evidence of a pertinent

trait.  Fed. R. Evid. 404(a).  Traits are "pertinent" under Rule 404(a) if they are relevant.

*United States v. Hewitt*, 634 F.2d 277, 279 (5th Cir. 1981) (citing 22 C. Wright & K.

Graham, § 5236, at 384) (defining "pertinent" as "relevant").  "Evidence is relevant if it

has any tendency to make a fact more or less probable than it would be without the

evidence; and the fact is of consequence in determining the action."  Fed. R. Evid. 401.

"Evidence which is not relevant is not admissible."  Fed. R. Evid. 402.  Evidence of a

defendant's law-abiding character is generally relevant and admissible.  1 McCormick on

Evid. § 191 ("A few general traits, like being law-abiding, seem relevant to almost any

accusation."); *see United States v. Fiorito*, No. 07-cr-02121(1) (PJS/JSM), 2009 WL

1086518, at *4 (D. Minn. Apr. 22, 2009) (permitting evidence of defendant's tendency to abide by law).

Specific instances of conduct are not admissible because a defendant's character is not an essential element to a charge or defense under 18 U.S.C. § 242.  Evidence of a defendant's character for being law-abiding is admissible only through opinion or reputation testimony.  *See* Fed. R. Evid. 405 Advisory Comm. Notes ("[E]vidence of specific instances of conduct . . . possesses the greatest capacity to arouse prejudice, to confuse, to surprise, and to consume time.  Consequently[,] the rule confines the use of evidence of this kind to cases in which character is, *in the strict sense*, in issue and hence deserving of a searching inquiry.") (emphasis added); *see also United States v. Melton*, No. 3:08-cr-107, 2008 WL 4829893, at *2 (S.D. Miss. Nov. 4, 2008) (noting that character is "not an essential element or defense" under § 242 and holding that specific instances of conduct were inadmissible).

Accordingly, a defendant "may call a witness, and that witness, after describing in a sentence or two how he is acquainted with [the defendant], may testify that, in his opinion, [the defendant] is a law-abiding" or, in the case of fraud charges, an honest person.  *United States v. Fiorito*, No. 07-cr-02121(1) (PJS/JSM), 2009 WL 1086518, at *4 (D. Minn. Apr. 22, 2009).  "But the witness may go no further."  *Id.*  In particular, "[t]he witness may not testify regarding specific instances of [the defendant's] conduct—that is, the witness may not testify about occasions on which [the defendant] complied with the law."  *Id.*

**B. The Federal Rules of Evidence do not permit the defense to introduce evidence of a defendant's character for peacefulness or compassion and caregiving.**

4

Courts have consistently held that evidence of other character traits apart from character for being law abiding—regardless of the form of proof—are irrelevant and inadmissible in § 242 cases. *See, e.g.*, *United States v. Krug*, No. 14-cr-102, 2016 WL 7045937, at *3 (W.D.N.Y. Dec. 2, 2016) (evidence of defendant-officer's "respect and protection of the Constitution" not pertinent in § 242 prosecution); *United States v. Dellinger*, No. cr-13-00065, 2013 WL 5929946, at *3 (D. Ariz. Nov. 5, 2013) (evidence of how the defendant-officer "does his job" not pertinent in § 242 prosecution); *United States v. Warren*, No. 10-154, 2010 WL 4668345, at *3 n.3 (E.D. La. Nov. 4, 2010) (evidence of defendant-officer's rescue missions during Hurricane Katrina not pertinent and inadmissible specific-instance evidence in § 242 prosecution); *Melton*, 2008 WL 4829893, at *1 (evidence of defendant-officer's crime-fighting nature not pertinent in § 242 prosecution); *cf. Gomez v. Fachko*, No. 19-cv-05266, 2021 WL 5178821, at *7 (N.D. Cal. Nov. 8, 2021), *reconsideration denied*, No. 19-cv-05266, 2021 WL 5630623 (N.D. Cal. Dec. 1, 2021) (evidence of defendant-officer's "gentle and benevolent character" not pertinent in excessive force civil action).

Nonetheless, the government anticipates the defendants will seek to elicit testimony regarding their character for peacefulness. Evidence of the defendants' peaceful or non-violent character is not pertinent to the charged crimes and should be excluded. The defendants are not alleged to have used excessive force or engaged in violence of any sort; to the contrary, the defendants are charged with offenses of criminal *inaction*. *See* Gov. Prop. Jury Instr., ECF No. 182. Evidence that the defendants have a peaceful disposition

5

make it no more or less likely that they willfully failed to intervene to stop unlawful force or to provide medical aid to Mr. Floyd.  ECF No. 1 at 2-4.  Indeed, to admit evidence that a defendant "does not get involved in physical confrontations"—as a summary of Defendant Kueng's proposed character witness notes—invites the very propensity evidence that Rule 404 is designed to exclude.  *See* Fed. R. Evid. 404(a) ("Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.").  Accordingly, evidence of the defendants' peaceful or non-violent character is not relevant to a pertinent character trait and should be excluded.

Likewise, evidence of a defendant's character for compassion or caregiving should be excluded.  Defendant Kueng provided notice that he plans to introduce evidence as to Kueng's "character trait for compassion and caregiving."   As with character for peacefulness, evidence that the defendant has provided caregiving or been compassionate in the past would be relevant here only to show "that on a particular occasion the [defendant] acted in accordance with the character or trait," which is expressly prohibited by Rule 404.  Fed. R. Evid. 404(a); *see also Blazek v. Santiago*, No. 3:11-cv-26, 2015 WL 2176819, at *1 (S.D. Iowa Mar. 10, 2015) (excluding evidence of defendant-officers' "character for compassion, kindness, and nonviolence" in civil excessive force case as irrelevant to a pertinent character trait and improper specific-instance evidence under Rule 405).  Accordingly, evidence of the defendants' character for compassion or caregiving is not relevant to a pertinent character trait under Rule 404, calls for inadmissible specific-instance evidence under Rule 405, and should be excluded.

**C. Testimony of the defendants' mothers or spouses is unnecessary—as the defendants have listed other, additional character witnesses—and has no purpose other than to elicit sympathy.**

The Court has demonstrated its concern regarding the improper role of sympathy in this case. Although the government sought to introduce the testimony of J.R., a nine-year-old eyewitness to the offense, in order to establish that Mr. Floyd had an objectively serious medical need that a layperson would recognize, the Court excluded any and all testimony of J.R. because "the testimony of this witness is unnecessary and likely only offered to elicit sympathy." ECF No. 195 at 7. Testimony of the defendants' mothers or the defendants' pregnant or recently post-partum wives is unquestionably offered to elicit sympathy. In contrast to the testimony of an eyewitness regarding an element of the offense, such evidence bears no probative value to the charged offense.

**D. The Federal Rules of Evidence do not permit the defense to introduce evidence of a defendant's life story or family story.**

The government also anticipates the defendants will elicit improper character evidence stemming from information about the defendants' life and family history. In opening statements, the defendants stated: (a) that "Alex Kueng's absentee father was Nigerian. He died at a fairly young age. Ms. Jodi Kueng later adopted four at-risk youth, making Ms. Kueng the only white person in the home where they grew up. Alex Kueng did not grow up dreaming of being a police officer. He dreamed of being a professional soccer player and to his credit, –"[1] at which point the Court sustained an objection, noting

---

[1] *Cf.* "The Black Officer Who Detained George Floyd Had Pledged to Fix the Police," NY Times, Sept. 15, 2020, https://www.nytimes.com/2020/06/27/us/minneapolis-police-

that counsel was straying from the case, Tr. at 257-58; (b) that Lane's "grandfather was a homicide detective in the Minneapolis Police Department.  His great-grandfather was the chief of police in Minneapolis Police Department.  And his great-great-grandfather was also a patrolman in the Minneapolis Police Department.  He really cared for his grandfather and he wanted, –" at which point the Court sustained an objection, noting, "I think, counsel, personal family may be stretching," Tr. at 285; and (c) that Lane's spouse is currently pregnant and "they're expecting their first child," Tr. at 283.

Again, such information is not relevant to a pertinent character trait, as required by Rule 404(a), and should be excluded.  Assuming without conceding that this information can be considered "character evidence" at all, the traits which the information purports to show—overcoming a difficult childhood, or growing up in culturally-diverse home, or having a family history of commitment to public service, or starting a family—are simply not pertinent to the crimes of which the defendants stand accused.  This evidence does not speak to the defendants' tendency to abide by the law, and it is wholly irrelevant.  That Defendant Lane's forefathers were police officers bears no relevance to his own character to abide by the law.  Nor are the circumstances of Defendant Kueng's upbringing and childhood relevant to whether he is a law-abiding adult.  Admission of this evidence is undercut not only by its irrelevance, but also by its remoteness—whether decades or generations away—from the date of the charged conduct.  Similarly, the fact that the wives of Defendants Lane and Thao are pregnant or recently post-partum is irrelevant because it

---

officer-kueng.html (interview of Defendant Kueng's mother and proposed character witness, Jodi Kueng, by the New York Times).

relates to a time period only after the charged conduct and says nothing of the defendants'

character.  The above evidence is also inadmissible specific-instance evidence under Rule

405.  Fed. R. Evid. 405(a) (requiring proof of a defendant's pertinent character trait "by

testimony about the person's reputation or by testimony in the form of an opinion.").

Finally, even if the proposed character evidence were relevant and admissible under

Rules 404 and 405—which it is not—the Court should exclude it under Rule 403 because

any probative value is substantially outweighed by the danger of unfair prejudice.  Fed. R.

Evid. 403.  "Character evidence is of slight probative value and may be very prejudicial.

It tends to distract the trier of fact from the main question of what actually happened on the

particular occasion.  It subtly permits the trier of fact to reward the good man [and] to

punish the bad man because of their respective characters despite what the evidence in the

case shows actually happened."  Fed. R. Evid. 404 Advisory Comm. Notes (internal

quotation marks omitted); *cf.* Def. Kueng Opening Statement (stating that "I'm going to

introduce you to the police officers.  I'm going to introduce them to you because they are

not abstract beings.  They are people.  They are people with lives and families and dreams

of careers," Tr. at 256; stating that "the facts need to be considered in light of the people

who participated. . . . Who are the people?  Alexander Kueng," Tr. at 257; and concluding

that "[W]e can sit here and talk about what the law is, but in the final analysis, all cases

and everything we do is about people," Tr. at 271).

As noted above, the specific details of the defendants' families and life stories are

irrelevant to the defendants' law-abiding character and therefore possess limited probative

value.  At the same time, the proposed character evidence is unfairly prejudicial,

distracting, and inflammatory.  The aim of evidence regarding the defendants' family and

life histories, more plainly, is jury nullification—a transparent bid to stir the sympathies of

the jury by reference to the defendants' ancestors and descendants, and to the defendants'

"lives and families and dreams of careers," Tr. at 256, and to encourage the jury to render

a verdict based on emotion rather than the evidence as applied to the law.   Such

legerdemain is inappropriate and should be precluded.  *See United States v. Mayer*, No. 19-

cr-0096-WMW/HB, 2021 WL 2434121, at *5 (D. Minn. June 15, 2021) (collecting cases

holding that evidence and argument calculated to induce jury nullification or likely to have

that effect are irrelevant, improper, and highly prejudicial).  Likewise, evidence that the

defendants were terminated and/or are no longer working is irrelevant to the charged

offenses and is an improper attempt to encourage the jury to render a verdict based on

emotion rather than the evidence as applied to the law.  *See* Tr. at 2280 (Mr. Gray's

statement during cross-examination of Dr. Bebarta: "[Lane] is an ex-officer, if you want to

call him that.  He doesn't have a job anymore.").

The Court has previously ruled, as a general matter, that "the parties are prohibited

from inviting jury nullification."  ECF No. 195 at 1-2.  In particular, character evidence

stemming from the defendant's life stories and families should be excluded under Rule

403.  *See, e.g.*, *United States v. Santana-Camacho*, 931 F.2d 966, 967 (1st Cir. 1991)

(concluding that trial court properly excluded evidence offered by defendant's daughter

that defendant was a good family man and a kind man because it did not speak to a pertinent

trait); *United States v. Paccione*, 949 F.2d 1183, 1201 (2d Cir. 1991) (concluding that trial

court properly excluded testimony regarding the defendant's care of his son because such

10

testimony had no bearing on a pertinent trait and "could well cause the jury to be influenced by sympathies having no bearing on the merits of the case"). In other words, the defendant "may call a witness, and that witness, after describing in a sentence or two how he is acquainted with [him], may testify that, in his opinion, [defendant] is a law-abiding . . . person. But the witness may go no further." *Fiorito*, No. 07-cr-01212(1) (PJS/JSM), 2009 WL 1086518, at *4.

## II.   <u>Conclusion</u>

WHEREFORE, the government respectfully requests this Court:

(a) exclude all evidence of the defendants' character, except for opinion and reputation testimony as to character for being law-abiding, as inadmissible under Federal Rules of Evidence 404, 405, and 403, and in violation of the Court's order that "the parties are prohibited from inviting jury nullification," ECF No. 195 at 2;

(b) exclude Defendant Kueng's mother or any defendants' spouse from testifying, consistent with the Court's rationale for excluding J.R., a juvenile eyewitness to the offense, from testifying regarding an element of the offense: "the testimony of this witness is unnecessary and likely only offered to elicit sympathy." ECF No. 195 at 7; and

(c) to the extent other witnesses are called to provide opinion or reputation testimony as to a defendant's law-abiding character, limit any testimony to the witness "describing in a sentence or two how he is acquainted with [the defendant], [and] testify[ing] that, in his opinion, [the defendant] is a law-

abiding" person; "the witness may go no further." *United States v. Fiorito*, No. 07-cr-02121(1) (PJS/JSM), 2009 WL 1086518, at *4 (D. Minn. Apr. 22, 2009).

Dated: February 13, 2022                     Respectfully submitted,

CHARLES J. KOVATS, JR.                KRISTEN CLARKE
Acting United States Attorney          Assistant Attorney General
                                       Civil Rights Division

*/s/ LeeAnn Bell*                         */s/ Samantha Trepel*
BY:  LEEANN K. BELL                    BY:  SAMANTHA TREPEL
Assistant U.S. Attorney                Special Litigation Counsel
Attorney ID No. 0318334                Attorney ID No. 992377 DC