UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-108 (PAM/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>2.   TOU THAO, )<br>)<br>Defendant. ) | **GOVERNMENT'S RESPONSE TO DEFENDANT THAO'S MOTION TO PRECLUDE TESTIMONY OF DARNELLA FRAZIER** |

The United States of America, by and through its undersigned attorneys, responds to Defendant Thao's motion requesting an order precluding testimony of bystander eyewitness Darnella Frazier as unfairly prejudicial and cumulative.  ECF No. 259 at 1-2.

Defendant Thao's motion should be denied.  With respect to Count Three, the government must prove that Mr. Floyd had an "objectively serious medical need," meaning, a medical need so obvious that laypeople would recognize it.  *Jones v. Minn. Dep't. of Corr.*, 512 F.3d 478, 481 (8th Cir. 2008).  Defendant Thao argues that because witnesses Genevieve Hansen and Alyssa Funari have testified, Ms. Frazier's testimony is needlessly cumulative.  ECF. No. 259 at 1.  It is not.  Ms. Hansen is not a layperson; she is a firefighter with medical training.  To prove that Mr. Floyd's medical need was so obvious that laypeople would recognize it, the government must call more than one layperson who observed that the need was obvious.  Thus, it is relevant, probative, and not "needlessly" cumulative, Fed. R. Evid. 403, that two then-17-year-old girls—Alyssa Funari and Darnella Frazier, who arrived on scene before Ms. Funari—recognized that Mr. Floyd was

in medical distress. The government has called only a fraction of eyewitnesses present on May 25, 2020. Ms. Frazier's testimony is directly relevant to an element of Count Three and is not needlessly cumulative or unfairly prejudicial.

Further, Defendant Thao has raised questions about the allegedly hostile or threatening nature of the bystanders. *See, e.g.*, Tr. at 659 ("[W]hen you arrived at 38th and Chicago, let's say there wasn't a crowd around there, would you have just done the medical care at that particular location"); Tr. at 2009 ("Have you ever seen or become aware of bystanders, for lack of a better term, attacking or interfering with EMS?"); Tr. at 2501 ("[Y]ou told this jury that the crowd could not have been conceived as a threat by my client . . . . So what you're basing your opinion on is sort of 20/20 hindsight or Monday morning quarterbacking."). The testimony of bystander eyewitnesses allows the jury to evaluate the defense claim that Defendant Thao's inactions were due to the allegedly threatening "crowd" of bystanders.

Accordingly, the government requests this Court deny Defendant Thao's motion to preclude the testimony of eyewitness Darnella Frazier.

Dated: February 13, 2022                    Respectfully submitted,


CHARLES J. KOVATS, JR.                      KRISTEN CLARKE
Acting United States Attorney               Assistant Attorney General
                                            Civil Rights Division
*/s/ LeeAnn Bell*
BY: LEEANN K. BELL                          */s/ Samantha Trepel*
Assistant U.S. Attorney                     BY: SAMANTHA TREPEL
Attorney ID No. 0318334                     Special Litigation Counsel
                                            Attorney ID No. 992377 DC