UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No.: 21-CR-108 (2) (PAM/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA,     )<br>                              )<br>            Plaintiff,     )<br>                              )<br>vs.                           )<br>                              )<br>                              )<br>TOU THAO,                     )<br>                              )<br>                              )<br>            Defendant.        ) | **MOTION FOR MISTRIAL BASED UPON PROSECUTORIAL MISCONDUCT** |

Mr. Tou Thao, Defendant herein, respectfully moves the Court for an order vacating his conviction based upon repeated and intentional acts of prosecutorial misconduct during his trial.

In addition to the following argument, Defendant incorporates the memoranda filed and those to be filed by counsel for co-defendants Keung and Lane on the subject of prosecutorial misconduct.

## **ARGUMENT**

The Government's actions during this lawsuit stripped Mr. Thao of his constitutionally protected right to a fair and impartial trial due to repeated breaches of this Court's pretrial orders, questions and arguments that violated rules of criminal procedure and evidence, and unprofessionalism in front of the jury.

1

These actions were intentional as they were done by well-seasoned prosecutors. Further, they continued to do so even after the Court admonished them for their behavior. Some, but not all, of the prosecution's actions could amount to harmless error, though some ran over the line of misconduct resulting in an unfair trial. However, in the aggregate, all of the singular actions of the prosecution over weeks of trial added up like thin strands of silk into a strong rope and resulted in one thing: a violation of Mr. Thao's due process rights.

"To constitute a due process violation, the prosecutorial misconduct must be of sufficient significance to result in the denial of the defendant's right to a fair trial." *Greer v. Miller,* 483 U.S. 756, 765 , 107 S.Ct. 3102, 97 L.Ed.2d 618 (1987) (internal quotation and citation omitted). "To determine whether misconduct has occurred, this court applies a two-part test: 'first, the prosecutor's conduct or remarks must have been improper, and second, the remarks or conduct must have prejudicially affected the defendant's substantial rights by depriving the defendants of a fair trial." *United States v. Boesen,* 541 F.3d 838, 845 (8th Cir. 2008)(quoting *United States v. Eagle,* 515 F.3d 794, 804 (8th Cir.2008)(internal citations omitted)). To determine whether a defendant was deprived of a fair trial – the second prong of the misconduct test –  the following three factors are considered: "(1) the

cumulative effect of the misconduct; (2) the strength of the properly admitted evidence of the defendant's guilt; and (3) the curative actions, if any, taken by the district court." *United States v. Boesen,* 541 F.3d 838, 845 (8th Cir. 2008).

### I. THE GOVERNMENT ENGAGED IN IMPROPER CONDUCT – THE FIRST PRONG IS MET.

The first prong of the test for mistrial based upon prosecutorial misconduct is that the prosecutor(s) engaged in improper conduct or remarks. *United States v. Boesen,* 541 F.3d 838, 845 (8th Cir. 2008). Here, the Government did so repeatedly.

Throughout the trial, many defense objections were sustained on the basis of improper arguments or questioning by the prosecutors. Generally speaking, the Government's improper conduct or remarks can be broken into categories[1]:

1. **Unfairly duplicative evidence and cumulative testimony**.
    a. See Tr. at 492 (where the Court cautioned the Government, "I am very concerned about the duplicate, repetitive information coming forward in the evidentiary side of this. Some of it, I

---

[1] For brevity of this Motion, these categories or citations to the transcript do not encompass all or even the majority of the objections the defense counsel made during trial.

3

  think, is unavoidable. But I'm very concerned about that duplicate side");

 b. *See* Tr. at 1108-1109 (the Court heeded the government again, "There's going to come a time when video playing is jury becoming simply too repetitious and it ends up becoming prejudicial … I'm going to caution you that you need to be careful about how much video you play");

 c. *See* Tr. at 488, 888, 1032, 1053, 1069, Tr. at 1340, 1342, 1365, 1366, 1689, 1707, 1905, 2696, 2706, 2722, 3252, 3577, 3578, 3587, 3690, 3693, 3697, 3698, 4031, and 4032.

2. **Violation of pretrial order:**

 a. **For eliciting emotional responses.** *See* Tr. at 437, 484-487, 553, 596, 597, and 747.

 b. **For speculation** *See* Tr. at 508, 541, 543, 654, 752, 753, 770, 1124, 1125, 1350, 1684, 1709, 1859, 2060, 2062, 2141, 2152, 2155, 2595, 2599, 2602, 3206, 3216, 3548, 3259, 3297, 3308, 3326, 3327, 3332, 3334, 3566, 3578, 3580, 3589, 3593, 3596, 3601, and 3603.

3. **Inappropriate arguments.**

 a. **Argumentative opening.** *See* Tr. at 219, 222, and 225.

b. **Argumentative with Defendant Thao.** *See* Tr. at 3206, 3217, 3218, 3228, 3244, 3249, 3257 (where the Court stated "Counsel, you're getting argumentative over and over again"), 3259, and 3262.

c. **Improper closing argument:**

   i. *Confrontation clause violation. See* Tr. at 3983.

   ii. *Burden shifting. See* Tr. at 3988, 3990, 3992, 4003, and 4008

   iii. *Disparaging the defense. See* Tr. at 3988, 4022, 4024, 4025, 4027, 4129, 4133, and 4135

   iv. *Misstated the evidence. See* Tr. at 3976, 3982, 3989, 4000, 40254129, 4131, 4133, and 4134.

   v. *Calling on the morals or emotions of the jury. See* Tr. at 3975, 3976, and 4142 (where the Government told the jury "evil happens when good men do nothing. This happened in part because these three defendants did nothing").

   vi. *Violating Graham v. Connor's stance against 20/20 hindsight. See* Tr. at 3986.

      vii. *Vouching for the truthfulness or untruthfulness of the defendants. See* Tr. at 3991, 4025, 4026, and 4027.

4. **<u>Unprofessional remarks in front of the jury.</u>**

    a. *See* Tr. at 3228:

> THE COURT: Counsel, you are being argumentative at that point.
>
> MS. BELL: I guess we have different definitions of "escape", but I will try to ask the question broader.
>
> MR. PAULE: Objections. That's obligatory [sic]. She's just adding comments for the record. That's inappropriate.

    b. *See* Tr. at 3234 (where the Court admonished the Government at sidebar, stating "counsel, it's highly prejudicial and highly wrong to have these arguments in fronts of the jury").

The prosecution's conduct was intentional as the same objections were sustained back-to-back. For example:

- Tr. at 1365-6: this Court sustained Mr. Paule's objection as to asked and answered and repetitive testimony. The Court responded "I think we're getting completely repetitive, counsel. We've been over and over and over this." The Government continued and Mr. Paule objected with the same objection. The court responded "Yeah,

counsel, I think we've just gone over and over it. She just answered that very question".

It is notable that the government continued to flout this Court's rulings up to the very end of trial: the Government argued with the Court in front of the jury during closing arguments. *See* Tr. at 4133-34, and again at 4138-39.

The Government had four veteran attorneys on the lawsuit that engaged in a pattern of improper actions. As they were repeated after admonishment, these actions cannot be considered nonintentional.

### II. THE CUMULATIVE EFFECT OF THE MISCONDUCT WEIGHS AGAINST THE STRENGTH OF PROPERLY ADMITTED EVIDENCE OF THE DEFENDANT'S GUILTY AND THE CURATIVE ACTIONS OF THE COURT – THE SECOND PRONG IS MET.

To determine whether a defendant was deprived of a fair trial – the second prong of the misconduct test – the following three factors are considered: "(1) the cumulative effect of the misconduct; (2) the strength of the properly admitted evidence of the defendant's guilt; and (3) the curative actions, if any, taken by the district court." *United States v. Boesen,* 541 F.3d 838, 845 (8th Cir. 2008).

At the outset, the Government did not properly admit evidence to show the required specific intent *mens rea* for each crime with which they charged Defendant.[2]  Defendant testified that:

1. He assumed that the other officers were monitoring Mr. Floyd's force and medical needs. *See* Tr. at 3216;

2. He did not know how much force Mr. Chauvin was using. Tr. at 3258;

3. He thought it was important to hold Mr. Floyd "in order to get him medical attention, to save his life". Tr. at 3345; and

4. It was not his intention, in any way, to cause Mr. Floyd harm. Tr. at 3346.

The Government's prosecutorial misconduct did not happen with an open and shut case. It occurred in a case where they had an incredibly difficult task of proving – beyond all reasonable doubt – that Defendant acted with a bad purpose or improper motive.

The Government engaged in repeated and intentional actions that created a pervasive pattern of misconduct throughout their lawsuit. The jury could not ignore them. For instance, the Government repeatedly misstated the evidence to the jury. The Government's closing argument had many sustained objections for misstating the evidence. *See* Tr. at 4025. Defense

---

[2] Counsel incorporates their Motion for Judgement of Acquittal for this as well as any future motions for a new trial.

closing arguments eluded to, or at times directly proved, the Government misrepresenting facts to the jury. *See* Tr. at 4098 (where Mr. Plunkett showed the jury that the transcript the Government relied upon misstated that it was Defendant Alex Keung who turned down Defendant Thomas Lane's request to roll Mr. Floyd intro the recovery position). Upon rebuttal arguments, the Government did not correct the defense counsels' allegations of the government misstating the evidence. Instead, the Government *continued* to misstate the evidence and this Court twice sustained objections during the rebuttal that the Government was continuing to misstate evidence in a serious case. *See* Tr. at 4133 and 4134.

The Court did provide some curative instructions to the jury. However, the amount of "uncured" objections – so to speak – far outweigh the number of objections that were followed by a strike of the record or instructions to the jury. When one party engages in behavior that permeates the entire case up and through their rebuttal argument it is overwhelming, prejudicial, and singular curative instructions to the jury do not overweigh the incredibly protected right to a fair trial.

The Government engaged in repeated improper conduct and remarks during the course of their lawsuit. The Government denied Mr. Thao his constitutional rights. The Government's actions should have consequences.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: This 7th day of March, 2022 | /s/ Robert M. Paule |
|  | Robert M. Paule (#203877) |
|  | Robert M. Paule, P.A. |
|  | 920 Second Avenue South |
|  | Suite 975 |
|  | Minneapolis, MN 55402 |
|  | T: (612) 332-1733 |
|  | F: (612) 332-9951 |
|  |  |
|  | Natalie R. Paule (#0401590) |
|  | Paule Law P.L.L.C. |
|  | 101 East Fifth Street |
|  | Suite 1500 |
|  | St. Paul, MN 55101 |
|  | T: (612) 440-3404 |
|  | nrp@paulelaw.com |
|  |  |
|  | Attorneys for Tou Thao |