UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 21-108 (PAM/TNL) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Tou Thao (2), and<br>J Alexander Kueng (3), | |
| Defendants. | |

_____

This matter is before the Court on Defendants Tou Thao and J Alexander Kueng's legal objections to the guidelines calculations in the presentence investigation report ("PSR").[1]

**A.  Involuntary Manslaughter/Second-Degree Murder**

Defendants object to the PSR's offense-level calculation because it uses the base offense level for second-degree murder—level 38—rather than the base offense level for involuntary manslaughter, which is a level 18.

Under federal law, second-degree murder is defined as "the unlawful killing of a human being with malice aforethought." 18 U.S.C. § 1111(a).  This definition reflects the common-law understanding of the mental state required for murder:  "(1) the intent to kill, (2) the intent to inflict grievous bodily harm, (3) extremely reckless indifference to the value of human life  . . . , or (4) the intent to commit a dangerous felony . . . ."  <u>Malice</u>

---

[1] Defendants also raised factual objections to the PSR.  The Court will address these factual objections in a separate Order and at the sentencing hearing for each Defendant.

Aforethought, Black's Law Dictionary (11th ed. 2019).  Thus, the Eighth Circuit's model criminal jury instructions define "malice aforethought" as "an intent, at the time of a killing, willfully to take the life of a human being, or an intent willfully to act in callous and wanton disregard of the consequences to human life . . . ."  8th Cir. Model Crim. Jury Instr. 6.18.1111A-1.

Involuntary manslaughter, on the other hand, is "the unlawful killing of a human being without malice . . . [i]n the commission of an unlawful act not amounting to a felony, or in the commission in an unlawful manner, or without due cause and circumspection, of a lawful act which might produce death."  18 U.S.C. § 1112(a).  Involuntary manslaughter therefore requires "proof that the defendant acted grossly negligently in that he acted with a wanton or reckless disregard for human life, knowing that his conduct was a threat to the lives of others or having knowledge of such circumstances as could reasonably have enabled him to foresee the peril to which his act might subject others."  United States v. Schmidt, 626 F.2d 616, 617 (8th Cir. 1980).

The facts of this case do not amount to second-degree murder under federal law. Defendants Kueng and Thao each made a tragic misdiagnosis in their assessment of Mr. Floyd.  The evidence showed that Kueng genuinely thought that Mr. Floyd was suffering from excited delirium with a drug overdose, and Thao genuinely believed that the officers were dealing with a drug overdose with possible excited delirium.  This lay assessment, along with all of the other facts and circumstances of the case, together with Defendants' background and training, precludes the element of malice aforethought.

Defendants' mistaken belief regarding Mr. Floyd's condition leads the Court to conclude that the appropriate base offense level is the involuntary-manslaughter offense level of 18.  The Court will calculate Defendants' sentences using level 18 as the applicable base offense level.

**B.     Under Color of Law**

Defendants object to the PSR's inclusion of a six-level increase for "under color of law" pursuant to U.S.S.G. § 2H1.1.  Defendants argue that this constitutes double counting because the statute of conviction here, 18 U.S.C. § 242, requires that the Defendant be acting under color of law.

Section 2H1.1 applies both to crimes committed under color of law and non-color-of-law crimes; thus, the additional 6 points is not double counting.  "Impermissible double counting occurs when one part of the guidelines is applied to increase a defendant's sentence to reflect the kind of harm that has already been fully accounted for by another part of the guidelines." United States v. Volpe, 224 F.3d 72, 76 (2d Cir. 2000) (quotation omitted).  In Volpe, involving an in-custody assault, the defendant argued that it was impermissible double counting to apply the 6-level under-color-of-law enhancement as well as a 2-level enhancement for the victim being in the defendant's custody or care under § 2A3.1(b)(3)(A).  The Second Circuit disagreed, finding that because "not all assaults by police officers acting under color of law occur while the victims are in custody," both enhancements could be applied.  Id. at 76.

Similarly, the Sixth Circuit stated in a § 242 case challenging the under-color-of law enhancement that "the relative inquiry is not whether the elements of [Defendant's]

3

offense include the same conduct as the enhancement, but whether 'the base offense level' for which the defendant is sentenced includes the same conduct as the enhancement." United States v. Hickman, 766 F. App'x 240, 251 (6th Cir. 2019) (emphasis in original). Thus, "a district court does not engage in double counting by applying an enhancement when the Guideline establishing the base offense level—as opposed to the statute establishing criminal liability—does not take the conduct into account." Id. at 250.

Finally, the Eighth Circuit Court of Appeals has rejected the argument Defendants make. United States v. Webb, 214 F.3d 962 (8th Cir. 2000), involved a sheriff who was convicted under § 242 for sexually assaulting a woman who had asked him for help. He argued that imposition of the six-level under-color-of-law enhancement was improper double counting because § 242 requires conduct under color of law. Id. at 965. The Eight Circuit rejected this argument and affirmed the addition of six levels under § 2H1.1. Id.

The inclusion of six points for under color of law under § 2H1.1 is appropriate, and Defendants' objections on this point are overruled.

**C.    Mitigating Role**

Finally, both Defendants ask for a reduction in their offense level for mitigating role in the offense under § 3B1.2. Because the mitigating-role determination is unique to each Defendant and dependent on the facts of each case, the Court will rule on these requests at sentencing.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that** Defendants' objections (Docket Nos. 380, 381, 386) to the guidelines calculations in their respective PSRs are **GRANTED in part**, **DENIED in part**, and **DEFERRED in part**, as set forth above.

Dated: Friday, July 22, 2022          *s/ Paul A. Magnuson*
                                      Paul A. Magnuson
                                      United States District Court Judge